UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                         CASE NO: 2:16-cr-62-FtM-UAMRM

ERIC DAVID ERDMANN

## ORDER

This matter comes before the Court on Defendant, Eric David Erdmann's Motion for Reconsideration (Doc. #39) filed on November 2, 2016. Upon review, the Court grants the Motion for Reconsideration as set forth below.

It is a matter of Court's discretion whether a motion for reconsideration will be granted. See *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990). "It is certainly true that it is the policy of the law to favor a hearing of a litigant's claim on the merits. It is also true that this policy must be balanced against the desire to achieve finality in litigation." *Id.* , "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*,12 F.Supp.2d 1306, 1308 (M.D.Fla.1998). That said, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D.Fla.1999).

The Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Fla. College of Osteopathic Med., Inc.*,

12 F.Supp.2d at 1308. "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03CV2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) Thus, the Court is normally unwilling to "alter a prior decision absent a showing of clear and obvious error where 'the interests of justice demand correction." Id.

Turning to the matter at hand, Erdmann's Motion has supplied numerous additional details about Aun Pol's expected testimony, how he wishes to utilize said testimony, and why it is material. Specifically, Erdmann states that if Pol were to be deposed in Cambodia, she could testify to circumstantial evidence of Erdmann's motorcycle accident, as well as relaying her direct experiences regarding the number of surgeries Erdmann had in Cambodia, her attempts to care for Erdmann in the wake of said surgeries, and Erdmann's physical state until he left Cambodia for the United States. Pol can also authenticate photographs taken of Erdmann's injuries while still in Cambodia.

Given that Erdmann intends to offer an affirmative defense under 18 U.S.C. § 2250(c) that he did not contribute to the creation of the circumstance that kept him from registering as a sex offender in Florida in reckless disregard of the requirements to do so, Pol's expected testimony is relevant and material. This is true for two reasons. First, Pol's expected testimony can offer circumstantial evidence as to the motorcycle accident and Erdmann's ongoing treatment, thereby allowing a jury to arrive at their own conclusion regarding the nature of Erdmann's continuing injuries. Second, because Erdmann claims that medical complications arising from his injuries prevented him from registering, Pol's expected testimony regarding the uncontrollable circumstances that led

to said complications is relevant.  This testimony may then be contrasted with that of Erdmann's treating doctors here in the United States to discern the nature and extent of his injuries, and will weigh on the viability of Erdmann's defense.  Absent Erdmann's ability to offer Pol's testimony, there is a chance that the result of the trial would be affected.  As such, the testimony is material.  See *United States v. Sanford, Ltd., 860 F. Supp. 2d 1, 4 (D.D.C. 2012)*.

In short, Pol's testimony will allow Erdmann to present a timeline of the events, both in Cambodia and in the United States, that he claims prevented him from complying with the law.  Absent such testimony, Erdmann contends that he will be deprived of his ability to defend himself.  Erdmann's motion for reconsideration better enumerates the basis for his request, and that denial would amount to injustice.  These details have changed the Court's calculus, and as such, Erdmann has met his burden of lodging a strongly convincing argument that reconsideration is warranted.[1]

Accordingly, it is now

**ORDERED:**

Motion for Reconsideration (Doc. #39) is **GRANTED**.  The Parties may depose Pol.

**DONE AND ORDERED** at Fort Myers, Florida, this November 4, 2016.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

---

[1] This Order should not be construed as a full-throated blessing to prioritize an in-person deposition of Pol in Cambodia. The Parties should instead make every possible attempt to avoid the necessity of this occurrence by prioritizing the opportunity to conduct the deposition via videoconference.