# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.                                                                  Case No. 2:16-cr-62-FtM-99MRM

**ERIC DAVID ERDMANN**
a/k/a Eric Erdman
_____/

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The Defendant, Eric David Erdmann, requests that the following questions be propounded to the venire in this case:

CASE SPECIFIC QUESTIONS

1. Is anyone familiar with Mr. Erdmann's case from any source whatsoever?

2. There will be a stipulation that Mr. Erdmann is a sex offender. Does anyone have strong feelings, either negative or positive, concerning sex offenders?

3. Do you believe that those feelings will prevent you from sitting as a fair and impartial juror?

4. Has anyone ever been a victim of a sex crime?

5. If you have been a victim of a sex crime, do you believe that you will be able to sit as a fair and impartial juror?

6. Have any of your family members or close friends been a victim of a sex crime?

7. If any of your family members or close friends have been a victim of a sex crime, do you believe that you will be able to sit as a fair and impartial juror?

8. Tell me have you or anyone you know had any experience with the Sex Offender Registry?

9. Tell me if you have ever researched the sex offenders in your neighborhood?

10. Tell me if you have had any good or bad experiences with the sex offender registry which would affect your ability to sit as a fair and impartial juror?

11. Tell me if there are any recent events in the news—either positive or negative--that would affect your ability to sit as a fair and impartial juror on a case involving a sex offender registry?

12. Share with us whether you, any member of your family, or any close friend belong to any organization that regularly works with sexual assault victims or otherwise promotes the rights of sexual assault victims?

13. Share with us any experiences that you or a family member may have with a long recovery from a surgery or other serious illness?

14. You will hear about Mr. Erdmann's long recovery from a serious motorcycle accident. Would this experience of yours—negatively or positively—affect your ability to hear about Mr. Erdmann's injuries?

## SUPPLEMENTAL BIOGRAPHICAL QUESTIONS

15. Share with us how you came to live in Southwest, Florida?

16. Share with us what you do for work?

17. Tell us about your most serious or challenging work experience?

18. Tell us about the worst part of your job?

19. Tell us about your primary source of news and information?

## PRIOR EXPERIENCES

20. Other than sex crimes, have you, or anyone you are close to, ever been the victim of a crime?

21. Tell us about the worst part of that experience?
22. Would that experience carry over and prevent you from sitting as a fair and impartial juror?
23. Tell us about any experience in the military?
24. Has anyone ever been a plaintiff or a defendant in a civil or criminal case?
25. Has anyone ever been a witness in a civil or criminal case? If so—
    a. When?
    b. Where?
    c. Were you a witness for the plaintiff/prosecution or the defense?
26. Have you ever had occasion to contest a traffic citation?
27. Have you ever been a juror in a civil or criminal case?
    a. What type of case?
    b. Were you the foreman?
    c. Without disclosing the result, was there a verdict?
    d. Tell us about the positives and negatives of the experience?

## RELATIONSHIPS

28. Are you related to, or close friends with, someone who works for a prosecutor's office, such as a United States Attorney's Office, State Attorney's Office, or District Attorney's Office? If so,
    a. What is your relationship to that person(s)?
    b. Would that relationship cause you to favor either party's version of the case?

29. Have you or any close friends or relatives ever worked for the United States government?
    a. If so, what agency?
    b. During what time period?
    c. Do you feel that association with the United States government will cause you to lean in favor of the prosecution in this case?
30. Have you ever worked in law enforcement?
31. Have any of your relatives or close friends worked in law enforcement?
32. If so, given this connection with the law enforcement field, do you feel that you would tend to favor and/or give more credence to the prosecution's version of the case?

## JUMPING TO CONCLUSIONS

33. Tell us about the most serious time when you or someone close to you was accused of doing something bad (not necessarily criminal) that you or someone close to you had not done?

## LEGAL PRINCIPLES

34. Because this is a criminal case, the burden of proving the offense is entirely on the Government—the defendant is not required to prove his innocence. Do each of you feel you can follow the Court's instructions in this regard?
35. Does anyone feel that the defendant should have to prove his innocence?
36. Does anyone feel that the burden on the Government is too great?
37. Therefore, under the law in this country, as Mr. Erdmann sits before you he is clothed with the presumption of innocence—that is at the start of the trial you

must presume or believe that he is innocent. Are you able to follow the law in this regard?

38. Can each of you look at Mr. Erdmann and presume that he is innocent, as the law requires you to do?

39. If the Government put on no evidence, what would your verdict be?

40. Accordingly, do each of you further understand that Mr. Erdmann has a constitutional right not to testify?

41. Do you further understand that if the defendant chooses to exercise that right and does not testify, you must not consider that to be evidence of guilt, or consider it in any way in deciding this case?

42. Would any of you hold it against Mr. Erdmann if he elects to exercise his constitutional right not testify?

43. Does anyone believe that a criminal defendant should be required to testify in his own defense?

44. Does anyone believe that defendants in criminal trials who do not testify in their own defense are probably guilty?

45. Would a defendant not taking the stand be, in your mind, a point in favor of the Government?

46. Tell us about the most difficult situation where you have had to explain yourself or defend yourself?

47. In order to prevail, the Government must prove that the defendant is guilty beyond a reasonable doubt. In other words, you must find the defendant not

guilty if you have any reasonable doubt concerning his guilt. Do you feel you can hold the Government to this burden?

48. At the conclusion of the trial, the Court will instruct you that "Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. Share with us what are examples of your most important affairs?

49. Tell us what level of proof you would need to make a decision in your most important affairs?

50. Do you feel that it is important to stand by your opinion?

51. Tell us an experience where you had to stand by your opinion?

52. If you served on the jury and your fellow jurors were unable to agree on the verdict—what we call a hung jury—how would you feel about that?

53. Would you feel a sense of failure or incompleteness in not being able to agree on a verdict?

54. If—based on what you heard and saw in court—you believed that the Government had failed to prove beyond a reasonable doubt that Mr. Erdmann was guilty, would you be willing to stand by your decision and conscience no matter whether other jurors felt a different way?

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of March, 2017, the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael Bagge-Hernandez, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Assistant Federal Defender