UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN
a/k/a Eric Erdman
_____/

**DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE AT TRIAL INTRODUCTION INTO EVIDENCE STATEMENTS MR. ERDMANN MADE TO U.S. STATE DEPARTMENT AND U.S. DEPARTMENT OF HOMELAND SECURITY REGARDING THE UNITED STATES**

The Defendant, ERIC DAVID ERDMANN, by and through undersigned counsel, hereby files this Motion in Limine to exclude the Government from introducing into evidence at trial any record of his statement that he wishes to renounce his citizenship or that the United States is garbage, and, in support, states as follows:

1. Mr. Erdmann has been indicted for Failure to Register as a Sex Offender pursuant to 18 U.S.C. § 2250(a).

2. The elements of the offense are as follows: (1) that the defendant was required to register under the Sex Offender Registration and Notification Act; (2) that the defendant traveled in foreign commerce; and (3) that the defendant knowingly failed to register and keep a current registration as required by the Sex Offender Registration and Notification Act. 18 U.S.C. § 2250(a).

3. On or about April 8, 2016, Mr. Erdmann was summoned to the U.S. Embassy to be served with a letter informing him that his passport had been canceled.

4. Mr. Erdmann arrived in a wheelchair with a heavily bandaged leg because of recent medical treatments.

5. At that meeting, Mr. Erdmann advised the United States Department of Homeland Security that he had been in Cambodia since approximately 2011 and had been married to his wife for five years.

6. Mr. Erdmann advised the Department of Homeland Security that he wished to apply for Cambodian citizenship and to renounce his United States citizenship.

7. Mr. Erdmann also allegedly stated that "the United States is garbage."

8. Assistant United States Attorney Michael Bagge-Hernandez asked Ms. Pol about these statements at the deposition held on February 9, 2017, despite objections by Defense Counsel. As a result, Defense Counsel has reason to believe that Mr. Bagge-Hernandez will ask about these statements again at trial.

9. Both of these statements are irrelevant and unfairly prejudicial in violation of Federal Rules of Evidence 401, 402, and 403.

10. Rule 401 states that:

    "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

11. Rule 402 states that:

    "[r]elevant evidence is admissible unless any of the following provides otherwise:
    ● the United States Constitution;
    ● a federal statute;
    ● these rules; or
    ● other rules prescribed by the Supreme Court.
    Irrelevant evidence is not admissible."

12. Rule 403 states that:

   "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

13. Neither of these statements has any tendency to cause any fact that is of consequence to the elements of the offense of 18 U.S.C. § 2250(a) to be more or less probable. Specifically, neither statement relates to whether Mr. Erdmann is a sex offender, whether he has traveled in interstate commerce, or has knowingly failed to register or keep a registry current. Since these statements were made prior to Mr. Erdmann returning to the United States, he did not currently have a Federal obligation to register in Cambodia. *See Nichols v. United States*, 136 S.Ct. 1113, 1118-19 (2016). Because neither statement makes any fact more or less probable that is of consequence in the determination of his innocence or guilt, each should be excluded pursuant to Federal Rules of Evidence 401 and 402.

14. Each statement also should be excluded pursuant to Federal 403. If either statement has even scant relevance, then the unfairly prejudicial nature of each substantially outweighs any relevance. The Eleventh Circuit Court of Appeals has held that "[t]he major function of Rule 403 is limited to excluding matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Lehder-Rivas*, 955 F.2d 1510, 1516 (11th Cir. 1992). Both statements are examples of evidence being introduced to prejudice the jury.

15. First, the fact that Mr. Erdmann wants to become a Cambodian citizen and renounce his American citizenship has the potential too greatly prejudice jurors who love the United States and cannot fathom that an American citizen would want to give up his citizenship. Since all of the jurors will be American citizens, this high danger of prejudice could apply

to all of them. Moreover, since the relevance of the statement regarding changing citizenships is so scant, if even in existence, the risk of unfair prejudice substantially outweighs any probative value.

16. Second, Mr. Erdmann calling the United States "garbage" is obviously highly prejudicial. We do not believe there is any argument for relevance. However, if there is scant relevance, the probative value is substantially overweighed by the danger of unfair prejudice. Any patriotic American would be offended by hearing that their country is "garbage." Most Americans are patriotic. Likely a high percentage of the jury pool will be patriotic. Under the circumstances, the risk of unfair prejudice substantially outweighs any scant relevance.

**WHEREFORE**, Mr. Erdmann respectfully moves that his statements regarding his desire to renounce his citizenship and that the United States is garbage be excluded from evidence pursuant to Federal Rules of Evidence 401, 402, and 403. Fed. R. Evid. 401, 402, and 403.

Respectfully submitted,
Donna L. Elm
Federal Defender

/s/ G. Ellis Summers, Jr.
G. Ellis Summers, Jr.
Florida Bar No.0815691
Assistant Federal Defender
1514 Broadway, Suite 301
Ft. Myers, Florida 33901
Telephone: 239-334-0397
Fax: 239-334-4109
E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of March, 2017 the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to Michael Bagge-Hernandez, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

                                              /s/ *G. Ellis Summers, Jr.*
                                              G. Ellis Summers, Jr.
                                              Assistant Federal Defender