UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. S2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN
a/k/a Eric Erdman

UNITED STATES' THIRD MOTION IN LIMINE
TO EXCLUDE ANY EVIDENCE OF THE DEFENDANT'S
POST INDICTMENT SEX OFFENDER REGISTRATION

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, moves in Limine to prevent the Defendant, his counsel, any agent and any witness from mentioning, directly, or indirectly, certain matters before the jury, specifically, the United States would move for the exclusion of any evidence that relates to the Defendant's post-Indictment sex offender registration, which occurred from on or about May 28, 2016 until the present. Under Fed. R. Evid. 401, the facts of the post-Indictment registration are not relevant to the charged offense, and thus are inadmissible under Fed. R. Evid. 402. Furthermore, assuming *arguendo* that the Defendant's post-Indictment registration is relevant, the Defendant's post-Indictment registration should be excluded pursuant to Fed. R. Evid. 403, as being unfairly prejudicial.

## I.   FACTUAL BACKGROUND

On or about July 13, 2010, 2010, the Defendant was convicted in the Multnomah Circuit Court, Multnomah County, Oregon, case number 09-01-30068, DA 2153456-1, for five Counts of violation of Oregon Statute § 163.686, encouraging child sexual abuse in the second degree (possession of child pornography). The Defendant was sentenced to 128 days in jail (time served) and 3 years of probation.  As part of his sentence, the Defendant was required to register as a sex offender.[1] The Defendant did register as a sex offender on July 20, 2010, with Oregon authorities but failed to update his sex offender registration when he absconded to the Kingdom of Cambodia (Cambodia) in 2011, in violation of Oregon State law.

On April 8, 2016, at the United States Department of State served a letter to the Defendant at United States Embassy in Phnom Penh, Cambodia, which stated that the Defendant's passport had been revoked since he had an outstanding arrest warrant in Oregon for his absconding from Oregon in 2011. Since the Defendant's passport was revoked, his Cambodian visa, which expired on March 3, 2016, could not be renewed. Since the Defendant's visa was invalid, Cambodian General Department of Immigration (DGI) officials

---

[1] 42 U.S.C. § 16911 defines a "sex offender" as an individual who is convicted of a sex offense, which is a criminal offense that is, inter alia, a specified offense against a minor to include possession, production, or distribution of child pornography.

arrested the Defendant on April 21, 2016, for immigration violations. Under Cambodia law, in order for a United States citizen to obtain a visa, the applicant must have a valid passport with six (6) months of validity. The Defendant's passport was issued on June 13, 2006, and was set to expire on June 12, 2016.

After his arrest, the Defendant left Cambodia on April 27, 2016, on Qatar Airlines Flight 971. The flight left Phnom Penh, Cambodia and landed in Doha, Kingdom of Qatar (Qatar), on April 28, 2016. Subsequently, on the same day, the Defendant took Qatar Airlines flight 359 from Doha, Qatar to New York, New York. Afterwards, still on April 28, 2016, the Defendant took Jetblue flight 4133 from New York, New York to Fort Myers, Florida, landing in Fort Myers, Florida at 2:52 p.m.[2] and from that point forward the Defendant resided in Fort Myers, Florida. The Defendant did not register as a sex offender from April 28, 2016, until May 28, 2016.

On May 25, 2016, a federal grand jury sitting in the Fort Myers Division of the Middle District of Florida, returned a one-count Indictment alleging a violation of 18 U.S.C. § 2250. (Doc. 1).[3] The Defendant was

---

[2] Cambodia is +7 hours ahead of Greenwich Mean Time (GMT) and +12 hours ahead of Eastern Standard Time. Therefore, an airplane travelling west from Cambodia could still be on the same date even though the travel time is more than 24 hours.
[3] A Superseding Indictment was filed on March 2, 2017, to correct a factual mistake in the Indictment.

arrested and subsequently was granted bail with conditions of release. (Doc. 7). Condition 1 of the Defendant's Condition of Release states that "[t]he defendant shall not commit any offense in violation of federal, state or local law while on release in this case." (Doc. 7). Since the Defendant continued to reside in Lee County, Florida, the Defendant registered with Lee County Sheriff's Office on May 28, 2016. *See* Fla. Stat. § 943.0435. Prior to his absconding from Oregon, the Defendant registered as a sex offender. In his registration documents, it notified the Defendant that if the Defendant moved to another state, he must register in that state.

## II. EVIDENCE OF THE DEFENDANT'S POST-INDICTMENT REGISTRATION IS NOT RELEVANT

Any information surrounding the Defendant's post-Indictment registration has absolutely no bearing upon the guilt or innocence of the Defendant. This evidence has no tendency to make a fact of consequence to the trial, ". . . more or less probable than it would be without the evidence. . ." Fed. R. Evid. 401. The evidence is irrelevant and is thus inadmissible under Fed. R. Evid. 402.

The elements of the charged offense are:

"First: That the defendant was required to register under the Sex Offender Registration and Notification Act[4], as charged; Second: That the defendant traveled in interstate [foreign] commerce; and Third: That the defendant knowingly failed to register and keep a current registration as required by the Sex Offender Registration and Notification Act." *United States v. Beasley*, 636 F.3d 1327, 1329 (11th Cir. 2011) *citing Carr v. United States*, 560 U.S. 438, 438, 130 S. Ct. 2229, 2230, 176 L. Ed. 2d 1152 (2010).

The Defendant's post-Indictment knowledge of the requirement to register and his actual post-Indictment registration have no relevance to any of the three elements of the charged offense given the Defendant was charged with failure to register as a sex offender from in or about April 28, 2016, through on or about May 27, 2016. Registration on May 28. 2016, does not prove the Defendant had the required mens rea before May 27, 2016, or that he lacked this required mens rea before May 27, 2016.

The fact that the defendant began to comply with the requirements of the law he violated after he was indicted is not relevant to the trial. Analogously, the fact that a defendant charged by the United States with failure to register as a foreign agent, in violation of 22 U.S.C. §§ 612 and 618,

---

[4] SORNA is the Sex Offender Registration and Notification Act 42 U.S.C. § 16901 et. seq.

eventually registered with the United States government only after being indicted would not be relevant at that Defendant's trial. Also, the fact that a defendant charged with tax evasion eventually paid the relevant taxes only after being charged with tax evasion, would not be relevant at the trial of a defendant charged with that offense. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) (stating "The district court correctly ruled that evidence of belated tax payments, made while awaiting prosecution, is irrelevant.... Were the rule otherwise, tax evaders could avoid criminal prosecution simply by paying up after being caught.") (*citing Sansone v. United States*, 380 U.S. 343, 354 (1965) (stating that intending to report and pay a tax in the future is not a defense to a previous understatement of taxes owed); *United States v. Ross*, 626, F. 2d 77, 81 (9th Cir. 1980)); *United States v. Radtke*, 415 F.3d 826, 840–41 (8th Cir. 2005)(finding no abuse of discretion in exclusion of the fact that the defendant filed an amended tax return after being charged with subscribing to a known false tax return and stating " . . .there is no doubt that self-serving exculpatory acts performed substantially after a defendant's wrongdoing is discovered are of minimal probative value as to his state of mind at the time of the alleged crime.").

## III. ALTERNATIVELY, EVIDENCE OF THE DEFENDANT'S POST-INDICTMENT REGISTRATION SHOULD ALSO BE RULED INADMISSIBLE UNDER FED. R. EVID. 403.

Alternatively, even if the Court were to find the evidence is relevant, under Fed. R. Evid. 403 the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and misleading the jury. "Unfair prejudice" has been defined as "an undue tendency to suggest decision on an improper basis . . ." Fed. R. Evid. 403 Advisory Committee Notes. It is highly probable that a jury, in reaching its verdict, would give weight to the Defendant's post-Indictment registration, and thereby reach a decision upon an "improper basis."

The evidence of the post-indictment registration would mislead the jury and significantly increase the potential for jury nullification. If the defendant is allowed to present this information, the jurors will wonder why the United States is litigating a trial for failure to register when the Defendant has already corrected his failure to register. Since the Defendant is no longer failing to notify law enforcement that he is a sex offender living in the community, the jury could be improperly influenced by this fact and believe the prosecution serves no purpose, as the failure to register has now been remedied. Evidence of the post-Indictment registration would mislead the jury and the jury could

7

then reach a decision on an improper basis. *See United States v. Crosby*, 713 F.2d 1066, 1073 (5th Cir. 1983)(Appellate Court upheld the exclusion of a tape recording of a defendant and a police negotiator who told the defendant that if he cooperated, he would not go to jail, the court determined that the evidence could unfairly garner sympathy for the defendant).

## IV.   CONCLUSION

The Court should exclude any evidence that relates to the Defendant's post-Indictment sex offender registration since this type of evidence has no relevance to a violation 18 USC § 2250, under Fed. R Evid. 401 and even if it somehow did, it should be excluded pursuant to Fed. R. Evid. 403.

WHEREFORE, based on the foregoing reasons, the United States requests that the Court grant it's Third Motion in Limine.

                Respectfully submitted,

                A. LEE BENTLEY, III
                United States Attorney

By:   *s/ Michael C. Baggé-Hernández*
       MICHAEL C. BAGGÉ-HERNÁNDEZ
       Assistant United States Attorney
       Florida Bar No. 0051923
       2110 First Street, Suite 3-137
       Fort Myers, Florida 33901
       Phone: (239) 461-2200
       Fax: (239) 461-2219
       Email: michael.c.bagge@usdoj.gov

U.S. v. ERIC DAVID ERDMAN			Case No. 2:16-cr-62-FtM-99MRM

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

G. Ellis Summers
ellis_summers@fd.org

>			*s/ Michael C. Baggé-Hernández*
>			MICHAEL C. BAGGÉ-HERNÁNDEZ
>			Assistant United States Attorney