UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.
S2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN
a/k/a Eric Erdman

**UNITED STATES' FOURTH MOTION IN LIMINE
REGARDING THE DISCOVERY AND USE OF REPORTS OF INTERVIEW**

The United States, by and through undersigned counsel, files this motion in limine asking the Court to find:

1) that interview summaries prepared by federal law enforcement agents, including but not limited to, Department of Homeland Security/ Homeland Security Investigations (HSI), United States Marshals Service (USMS), otherwise known as Reports of Investigation ("ROI"), are not statements of the person interviewed under the Jencks Act, and to preclude the defense from introducing the contents of the ROI to impeach witnesses during cross examination, publishing the contents of these materials to the jury, or otherwise suggesting to the jury that these are statements of the witnesses who did not write them or adopt them

In support of its request for relief, the government provides as follows.

**I.      ROIs Are Not Statements of the Witness Under the Jencks Act**

In order to provide for full and fair cross-examination, the Jencks Act requires that after a witness for the United States testifies on direct examination, the government must provide the defense with any statements made by the witness that relates to the subject of his or her testimony. 18 U.S.C. § 3500. A statement within the meaning of the Jencks Act is defined as "a written statement made by said witness and signed or otherwise adopted or approved by him"; a recording or transcription that "is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously"; or a statement made by a witness to the grand jury. 18 U.S.C. § 3500(e).

In *Palermo v. United States*, the Supreme Court held that because the Jencks Act is meant to restrict the defendant's use of discoverable statements to impeachment, "only those statements which could properly be called the witness' own words should be made available to the defense." 360 U.S. 343, 349-52 (1959). The Court went on to elaborate that "summaries of an oral statement which evidence substantial selection of material" or "statements which contain [an] agent's interpretations or impressions" are "not to be produced." *Id.* at 352-53.

Consistent with *Palermo*, ROIs are not discoverable under the Jencks Act because they are not statements of the witness within the meaning of the statute.[1]

---

[1] The ROI would be discoverable under the Jencks Act as a statement of the agent, if the agent who prepared it is called as a witness to testify regarding the subject matter contained in the report.

Unless the witnesses have reviewed and adopted the ROIs -- which was not the practice in this case -- the ROIs are not statements of the witness under subsection (e)(1) of the Jencks Act.  Moreover, because the ROIs are written after interviews are completed and reflect the thought processes and interpretations of the agent, they do not constitute a contemporary and substantially verbatim recital of the witness's statement under subsection (e)(2).

The Eleventh Circuit[2] has also held that ROIs "are not Jencks Act statements of the witness unless they are substantially verbatim and were contemporaneously recorded, or were signed or otherwise ratified by the witness."  *United States v. Jordan*, 316 F.3d 1215, 1255 (11th Cir. 2003); *see also United States v. Merrill*, 685 F.3d 1002, 1014 (11th Cir. 2012)(citing *Jordon* and finding that the government agent's notes were not Jencks material because they were their accounts of the witnesses testimony and not transcriptions of the witnesses' words.).

## II.     Proper Use of ROI

---

[2] Similarly, every other circuit court to address the question has held that FBI 302s, which are essentially ROIs, generally are not discoverable under the Jencks Act.  *United States v. Price*, 542 F.3d 617, 621 (8th Cir. 2008) (holding that absent evidence that the witnesses "approved or adopted" the FBI 302s, "these documents are not discoverable under . . . the Jencks Act"); *United States v. Donato*, 99 F.3d 426, 433 (D.C. Cir. 1996) ("[T]he agent's notes and 302 report . . . are not covered by the Jencks Act."); *United States v. Roseboro*, 87 F.3d 642, 646 (4th Cir. 1996) ("[T]he district court's finding that the FBI 302 Report was not a Jencks Act statement is not clearly erroneous."); *United States v. Farley*, 2 F.3d 645, 654-55 (6th Cir. 1993) (holding that because there was "no proof that the statement was adopted or approved . . . it was not clearly erroneous . . . to deny defendants access to the FBI 302"); *United States v. Williams*, 998 F.2d 258, 269 (5th Cir. 1993) ("We hold that the FBI Forms 302 were not discoverable statements under the Jencks Act."); *United States v. Morris*, 957 F.2d 1391, 1402 (7th Cir. 1992) ("[T]he documents are not statements producible under the Jencks Act because they were neither signed nor adopted . . . and further because they are not a verbatim recital . . . but rather only an agent's summary."); *United States v. Foley*, 871 F.2d 235, 239 (1st Cir. 1989) ("It is plain that the 302s are not substantially verbatim recitals . . . and recorded contemporaneously."); *United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) (because "the summaries represent . . . the agents' selection of certain information . . . the district court properly characterized the summaries as non-Jencks Act material"), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988).

Although production of the all the ROIs, was not required, in this case the government has provided broad discovery. In this circumstance, the defense should be limited to using those ROI consistent with the law and rules of evidence. In particular, the defense must be precluded from introducing the contents of the ROIs to impeach witnesses on the basis of inconsistent statements because the ROIs are not the statements of the witnesses themselves. Moreover, they must be precluded from publishing the contents of the ROIs to the jury, or otherwise suggesting to the jury that the ROI is a statement of the witness. To allow otherwise would subvert the meaning of the Jencks Act and the Supreme Court's decision in *Palermo* holding that it would "be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations." 360 U.S. at 350.

The defense is, of course, free to ask a witness whether he or she made a statement that is reflected in a ROI.[3] However, if the defense is not satisfied with the witness's answer, the defense may not publish or introduce the contents of the ROI as a prior inconsistent statement. *See United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (holding that "such documents [ROIs] have been deemed

---

[3]Likewise, in the appropriate circumstances and only with the proper foundation regarding the witnesses inability to recollect, the defense may attempt to refresh the witness's recollection by showing the witness the ROI, but only if the defense does so in a manner that does not imply that the ROI is the witness's own statement. The witness's recollection must be in need of refreshing and the use of the prior statement must not be pretext for improper use of inadmissible evidence. *See e.g. United States v. Jiminez,* 613 F.2d. 1373, 1378 (5th Cir. 1980); *Eisenberg v. United States*, 273 F.2d 127, 131 (5th Cir. 1959)(The document may not be referred to or displayed to the jury under the guise of refreshing recollection when it is actually being used to impeach or as substantive evidence.).

inadmissible for impeaching witnesses on cross-examination"), *abrogated on other grounds by United States v. Booker*, 543 U.S. 222 (2005); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (holding that because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to "not allow counsel to use the ROI statement to impeach a witness because the witness did not prepare or sign the document and probably never adopted it"). Moreover, the defense may not use the ROI in a way that suggests to the jury that the ROI is a statement of the witness. *See United States v. Marks*, 816 F.2d 1207, 1210-11 (7th Cir. 1987) (holding that where defense counsel read from a 302 during cross-examination in a way that would "seem authoritative" and potentially confuse the jury, the judge was entitled to require the witness be shown the 302 and given the opportunity to adopt or reject it as a statement, although such a practice was no longer required by the federal rules of evidence).

## Conclusion

The government is committed to providing broad and early discovery in this matter, and has provided ROIs for its witnesses at trial although such production was not required under the Jencks Act. In turn, the defense must use those ROIs in accordance with the law and rules of evidence, and they should not be permitted to introduce the ROIs, publish them to the jury, or otherwise suggest to the jury that the ROIs are statements of the witnesses.

WHEREFORE, based on the foregoing reasons, the United States requests that the Court grant it's Second Motion in Limine.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/ Michael C. Baggé-Hernández*
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney
Florida Bar No. 0051923
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2200
Fax: (239) 461-2219
Email: michael.c.bagge@usdoj.gov

U.S. v. ERIC DAVID ERDMAN          Case No. 2:16-cr-62-FtM-99MRM

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

G. Ellis Summers
ellis_summers@fd.org

*s/ Michael C. Baggé-Hernández*
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney