# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

                              **CASE NO.**
**v.**                             **S2:16-cr-62-FtM-99MRM**

**ERIC DAVID ERDMANN**
**a/k/a Eric Erdman**

## UNITED STATES' FIFTH MOTION IN LIMINE

The United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, moves in Limine to prevent the Defendant, his counsel, any agent and any witness from mentioning, directly, or indirectly, certain matters before the jury, and states as follows:

    I.    **CERTAIN IRRELEVANT EVIDENCE AND ARGUMENTS SHOULD NOT BE INTRODUCED**

The trial of this case is scheduled for jury selection on March 21, 2017. Prior to jury selection and commencement of trial in this cause, the United States requests the Court to instruct the Defendant, his attorney and any witnesses presented by the defense in this case, not to mention, recite, allude or refer to any of the following:

    A.    The contents of any pretrial rulings or motions filed by either the defendant or the government. Fed. R. Evid. 401, 402, 403.

B. Arguing or appealing to the jury in the trial of this case for mercy, or discussing the potential punishment that Defendant faces in this case. It is error to tell the jury about the consequences of a verdict. *United States v. Thigpen*, 4 F.3d 1573, 1577 (11th Cir. 1993), *cert. denied*, 512 U.S. 1238 (1994); and *United States v. McCracken*, 488 F.2d 406, 425 (5th Cir. 1974). It is a well-settled question of law that a jury should not be permitted to consider a defendant's potential punishment if convicted. *See United States v. McDonald,* 935 F.2d 1212, 1222 (11th Cir. 1991) *(citing United States v. McDonald,* 620 F.2d 559, 565 (5th Cir. 1980)). Should a jury convict a defendant, the matter of sentencing is solely for the court to adjudicate. *See id*. Approved Eleventh Circuit basic pattern jury instruction 10.1 specifically states:

> I caution you that the Defendant is on trial only for the specific crime charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of that specific crime.
>
> You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Eleventh Circuit Pattern Jury Instructions (Criminal)(citing *United States v. McDonald,* 935 F.2d1212, 1222 (11th Cir. 1991). As with the authority cited herein, any potential sentence that the defendant may receive if convicted, such as a term of incarceration, or other consequence, has no bearing on the

issue the jury is required to determine. Specifically, the jury is to determine whether the defendant is guilty of the offense alleged in the Indictment. The only matters relevant to that determination are those tending to prove or disprove the elements of the offense.

Therefore, information relating to punishment or collateral consequences following conviction are irrelevant matters and should be excluded from evidence in accordance with Rule 402, Federal Rules of Evidence. Accordingly, the United States respectfully requests that this Court enter an Order prohibiting the Defendant, his counsel, and all witnesses from disclosing to the jury any information regarding the consequences that may result if the defendant is found guilty of the charge contained in the Indictment.

C. Evidence and Argument of Lawfulness and Non-Corrupt Conduct

The government respectfully moves the Court to exclude all evidence of the Defendant's lawfulness and/or non-corrupt conduct, except reputation or opinion evidence offered by character witnesses strictly in accord with the limitations of Federal Rule of Evidence 405(a). Other than testimony from character witnesses fitting within the narrow confines of Rule 405(a), no such evidence is admissible.

In an effort to distract the jury from the charges with which the defendant has been charged, the Defendant may seek to parade witnesses through the courtroom to testify that on prior occasions the defendant conformed to the requirements of the law. Any evidence or argument of this sort is inadmissible, and the Court should exclude it.

The law is clear: "A defendant may not seek to establish his innocence through proof of the absence of criminal acts on [other] specific occasions." *United States v. Scarpa*, 897F.2d 63, 70 (2d Cir. 1990) (excluding taped proof that defendants met regularly and did not discuss criminal activity), *cert. denied*, 498 U.S. 816 (1990). Evidence of other lawful behavior is irrelevant because acts of honesty do not prove an absence of dishonest acts. *Id.*; *United States v. Beno*, 324 F.2d 582, 589 (2d Cir. 1963) ("Evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant."), *cert. denied*, 379 U.S. 880 (1964); *United States v. Grimm*, 568 F.2d 1136, 1138 (5th Cir. 1978)(upholding exclusion of evidence that used car dealer paid for some cars instead of stealing them).

To hold otherwise would be to eviscerate the carefully drafted limitations of Rule 405, which forbids proof of good character through evidence of specific acts where character is not an element of the charge or defense. *See Beno*, 324 F.2d at 584 and 587. Like Rule 403, Rule 405 is

intended to prevent the series of wasteful "mini-trials" which would inevitably ensue if the defendant were allowed to pursue this irrelevant line of inquiry. The Advisory Committee Notes for Rule 405 conclude that proof of character by means of specific acts "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time." *See e.g., Grimm*, 568 F.2d at 1136 (evidence of lawful transactions "could have complicated the case and confused the jury").

      D.    The defendant should not be permitted to seek a jury nullification in this case. It is impermissible to make such an argument, as it encourages the jurors to disregard their oath to follow the law as set forth in the Court's instructions. *United States v. Trujillo*, 714 F. 2d 102, 105-06 (11th Cir. 1983). Moreover, "the potential for nullification is no basis for admitting otherwise irrelevant evidence." *United States v. Funches*, 135 F. 3d 1405, 1408-09 (11th Cir.), *cert. denied*, 524 U. S. 962 1998).

    The law is plain that it is improper for the Defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the

5

government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988) and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), *cert. denied*, 512 U.S. 1223 (1994)); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997), *cert. denied*, 522 U.S. 838 (1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983)); *see generally Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983)("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath").

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that the defendant may seek to interject into this trial, the government does note the following example:

<u>Family needs</u>

While the government acknowledges that the Defendant is permitted to introduce limited testimony concerning his background, the government respectfully moves this Court to preclude evidence and argument regarding the Defendant's family needs, including any arguments or evidence designed either to imply a motive or excuse for defendant's criminal conduct or to invoke sympathies regarding the impact of a conviction upon the defendant's family. Such evidence is irrelevant to the Defendant's factual guilt and is designed for no other purpose than to invoke improper appeals for jury nullification. Accordingly, such evidence or argument is properly excluded.

As such, the Court should disallow any evidence or argument seeking a jury nullification in this case. The United States therefore requests this Court to order the defendant and counsel for the defendant not to offer any such evidence or make any such argument to the jury during the trial of this matter.

The government's motion to exclude certain arguments and evidence is submitted solely to prevent the defendant from attempting to "confuse factual

and legal issues and stray from relevant concerns into immaterial issues." *United States v. Kolibosi*, 732 F.2d 1328, 1330 (7th Cir. 1984).

WHEREFORE, on the basis of the points and authorities cited above, the United States respectfully requests the Court to grant its Fifth Motion in Limine and exclude from the trial the aforementioned matters.

        Respectfully submitted,

        A. LEE BENTLEY, III
        United States Attorney

By:    *s/ Michael C. Baggé-Hernández*
        MICHAEL C. BAGGÉ-HERNÁNDEZ
        Assistant United States Attorney
        Florida Bar No. 0051923
        2110 First Street, Suite 3-137
        Fort Myers, Florida 33901
        Phone: (239) 461-2200
        Fax: (239) 461-2219
        Email: michael.c.bagge@usdoj.gov

U.S. v. ERIC DAVID ERDMAN        Case No. 2:16-cr-62-FtM-99MRM

CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

G. Ellis Summers
ellis_summers@fd.org

>                             *s/ Michael C. Baggé-Hernández*
>                             MICHAEL C. BAGGÉ-HERNÁNDEZ
>                             Assistant United States Attorney