UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN
a/k/a Eric Erdman
_____/

**DEFENDANT'S SECOND MOTION IN LIMINE TO EXCLUDE AT TRIAL INTRODUCTION INTO EVIDENCE CERTAIN INADMISSIBLE EVIDENTIARY MATTERS RAISED BY THE GOVERNMENT AT THE DEPOSITION OF AUN POL**

The Defendant, ERIC DAVID ERDMANN, by and through undersigned counsel, hereby files this Motion in Limine to exclude the Government from introducing into evidence at trial certain inadmissible evidentiary matters raised by the Government at the Deposition of Aun Pol, and, in support, states as follows:

1. Mr. Erdmann has been indicted for Failure to Register as a Sex Offender pursuant to 18 U.S.C. § 2250(a).

2. Pursuant to the Court's order, Ms. Pol was deposed on February 9, 2017 (9:30 p.m. EST). (Doc. 40).

3. Mr. Erdmann intends to use Ms. Pol's videotaped deposition at trial pursuant to Federal Rule of Criminal Procedure 15 and Federal Rule of Evidence 804(b)(1). Specifically, Federal Rule of Evidence 804(b) provides that certain hearsay statements "are not excluded if the declarant is unavailable as a witness," which includes "[t]estimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against

1

whom the testimony is now offered…had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Of course, if the United States is now willing to allow Ms. Pol into the country briefly to testify, Mr. Erdmann would strongly prefer live testimony.

4. Ms. Pol's deposed testimony includes, without limitation, testimony constituting circumstantial evidence of Mr. Erdmann's motorcycle crash, testimony regarding the resulting surgery at a Cambodian hospital, testimony regarding his unsuccessful recovery from the injury, and testimony regarding the foundational elements for the introduction of photographs, establishing a timeline, for the unsuccessful healing of the injuries.

5. At Ms. Pol's deposition, the Government asked numerous inadmissible questions (which elicited answers) to which Defense Counsel objected. Pursuant to Rule 15(g), Defense Counsel objected and stated the grounds at the time of the deposition. Fed. R. Crim. Proc. 15(g).

6. The purpose of this motion in limine is to exclude those inadmissible questions and corresponding answers so that they can be redacted from the deposition video and deposition transcript prior to trial. Additionally, similar questions involving the same topics should be excluded at trial.

7. **<u>Objection # 1</u>**: On page 49 of the transcript of the deposition, Mr. Bagge asked "When you say you know some of his life, what does that mean." The answer was "He just said that he has a probation, but I don't understand about this." Defense Counsel objected on Rule 401 and 402 grounds (relevance) and Rule 404(b). Initially, Mr. Bagge was asking an overly broad question about what she knows about his life, which had no relevance to any of the elements of the alleged crime. Ms. Pol's answer veers into his probation status,

which also had no relevance to the elements of the crime, and violates Federal Rule of Evidence 404(b). As discussed in Defendant's Response to United States' First Motion in Limine to Admit Intrinsic Act Evidence Not Subject to Federal Rule of Evidence 404(b) or in the Alternative, Government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs or Acts Pursuant to Fed. R. Evid. 404(B) ("Defendant's Response to United States' First Motion in Limine"), Mr. Erdmann's status on probation in Oregon has no relevant basis and is unfairly prejudicial. *See* Doc. 89, pgs, 8-21; *United States v. Allen*, 274 Fed. App. 811, 819 (2008). For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine. Based on those arguments, the question regarding probation and Ms. Pol's answer should be excluded.

8. **Objection #2**: On page 49 of the transcript of the deposition, Mr. Bagge asked: "Did you know that he was—had—he was required to register as a sex offender?" Her answer was "no." Defense counsel objected to relevance and beyond the scope of direct. Ms. Pol's knowledge of Mr. Erdmann's sex offender status when they first met in 2011 has no bearing on any of the elements of the charge. Thus, her knowledge of his sex offender status in 2011 is irrelevant. Moreover, Defense Counsel never asked any question which related to Ms. Pol's knowledge of his sex offender status in 2011. This question is beyond the scope of direct examination. The question and answer should be excluded.

9. **Objection #3**: On page 51 of the transcript of the deposition, Mr. Bagge asked: "How long did you initially invite him to stay?" Ms. Pol answered six months. The objection was relevance. Fed. R. Evid. 401, and 402. The length that Mr. Erdmann was initially going to stay with Ms. Pol in 2011 has no bearing on any fact in issue. The Government appears

3

to be trying to impugn their relationship in 2011—which certainly doesn't have any bearing on whether Mr. Erdmann registered in 2016. The question and answer should be excluded.

10. **<u>Objection #4</u>**:  On page 57, 58, and 59 of the transcript of the deposition, Mr. Bagge asked a series of questions regarding Mr. Erdmann teaching at a school. Defense Counsel objected as irrelevant and beyond the scope of direct. Defense Counsel never asked any questions that related to Mr. Erdmann's employment. Mr. Erdmann's work at a school has no relevance on any of the elements of the charge. For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine. *See* Doc. 89, pgs. 13-16, 19-21. Any questions regarding the school should be excluded as irrelevant and beyond the scope.

11. **<u>Objection #5</u>**:  On page 59 of the transcript of the deposition, Mr. Bagge asked: "And isn't it true that Home of English International School is a school that teaches children." Defense Counsel objected as irrelevant and beyond the scope of direct examination. Ms. Pol's response was "I'm not sure, but I just know that the Home of English International School, there are all level of English classes. For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine. *See* Doc. 89, pgs. 13-16, 19-21. Defense Counsel never raised anything related to a school or children on direct—nothing even remotely in that area. These questions are beyond the scope. If Mr. Bagge wished to raise this question, Mr. Bagge could have called Ms. Pol as his own witness. This question has no relevance on any fact in dispute in the case. Whether Mr. Erdmann taught at the school does not affect any of the elements of the charge. Finally, if Mr. Bagge wanted to introduce evidence regarding

Mr. Erdmann teaching at a school, Mr. Erdmann was entitled to a 404(b) notice which was not received before the deposition. The question and answer should be excluded.

12. **<u>Objection #6</u>**: On page 60 of the transcript of the deposition, Mr. Bagge asked: "But there are children at the school as well, correct? Defense Counsel objected for lack of foundation. Ms. Pol already admitted that she did not know if there were children at the school. She had no personal knowledge of the ages of the students. This question lacked any foundation pursuant to Federal Rule of Evidence 602—which requires that a witness have personal knowledge of the matters testified to. Fed. R. Evid. 602. The question and answer should be excluded.

13. **<u>Objection #7</u>**: On page 63 of the transcript of the deposition, Mr. Bagge asked "And part of acting as a loving wife to your husband Mr. Erdmann is testifying that you don't know anything about Home of English International School Correct?" Defense Counsel objected for beyond the scope of direct, irrelevant, and unduly prejudicial. Fed. R. Evid. 401, 402, and 403. For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine. *See* Doc. 89, pgs. 13-16, 19-21. For the reasons stated in that response, any reference to the school is irrelevant and unfairly prejudicial, substantially outweighing any scant relevance. Once again, this question is outside the scope of direct. Defense Counsel never asked Ms. Pol about Mr. Erdmann's employment. The question and answer should be excluded pursuant to Fed. R. Evid. 401, 402, and 403, and for the reasons set forth, in Defendant's Response to the United States' First Motion in Limine, as well as for being outside the scope of direct examination.

14. **Objection #8**:  On page 64 of the transcript of the deposition, Mr. Bagge asks: "So you had no idea that International School for Children—I'm sorry, strike that."  Mr. Erdmann would ask that Mr. Bagge's request be granted, and that the question be struck from the transcript and video.

15. **Objection #9**:  On page 64 of the transcript of the deposition, Mr. Bagge asks: "You had no idea that the Home of English International School was a school for children?"  Ms. Pol's answer was "I don't know which one.  He just told me that he worked there.  But I don't know about it."  Defense Counsel objected on the grounds of asked and answered, beyond the scope, irrelevant, unduly prejudicial pursuant to Fed. Rule of Evidence 403, and badgering the witness.  On repeated occasions, Mr. Bagge asked Ms. Pol if she knew if children were taught at the school.  She said that she did not know.  This question had been asked and answered.  His repeated asking of the same question in slightly different forms constituted badgering the witness.  This question was also beyond the scope of direct since Defense Counsel never went anywhere near Mr. Erdmann's work history.  And, these questions were irrelevant and unfairly prejudicial.  *See* Fed. R. Evid. 401, 402, and 403.  For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine.  *See* Doc. 89, pgs. 13-16, 19-21.  The question and answer should be excluded because it was asked and answered, beyond the scope of direct, badgering the witness, and pursuant to Federal Rules of Evidence 401, 402, and 403.

16. **Objection #10**:  On page 64 of the transcript of the deposition, Mr. Bagge asks: "And you never investigated it?"  Ms. Pol responded that "I did not investigate his school.  I just know that he went there to teach English."  The objection was irrelevant and beyond the

scope of direct. Defense Counsel never asked about the school on direct. Furthermore, Ms. Pol had no duty to investigate the school. If she did, her duty to investigate the school would still have no bearing on any of the elements of the charge. The question and answer should be excluded because they are outside the scope of direct and irrelevant.

17. **Objection #11**: On page 64 of the transcript of the deposition, Mr. Bagge asks: "And in your house, you had a computer, correct?" Ms. Pol's answer was "yes." Defense Counsel objected on a basis of relevance and outside the scope of direct. For purposes of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine. *See* Doc. 89, pgs. 16-21. There is no relevance to there being a computer at Ms. Pol and Mr. Erdmann's house. This question does not relate to any of the elements nor does it even relate to the probation restrictions. Mr. Erdmann was permitted to have a computer. He just couldn't visit prurient web sites. This question does not have a tendency to make more or less probable any fact at issue. Moreover, this question is outside the scope of direct. Defense Counsel never asked about computers or probation restrictions. Mr. Bagge is free to get Ms. Pol a visa to attend trial, and ask whatever questions he wishes on direct examination—provided that they are admissible. The question and answer should be excluded as irrelevant and outside the scope of direct examination.

18. **Objection #12**: On page 65 of the transcript of the deposition, Mr. Bagge asks: "And he would use that computer sometimes, wouldn't he?" Ms. Pol answers "sometimes." Defense Counsel objected irrelevant and beyond the scope. For purposes of this objection, Mr. Erdmann incorporates by reference his objections from **Objection #11** above. The

question and answer should be excluded as irrelevant and outside the scope of direct examination.

19. **Objection #13**: On page 65 of the transcript of the deposition, Mr. Bagge asks: "His e-mail address is sniper_m4@yahoo.com." Ms. Pol responds: "yes, it is." Defense Counsel objected as irrelevant and outside the scope. First, Defense Counsel never asked any questions about Mr. Erdmann's internet or email. This question is far beyond the scope of direct. Second, the question is irrelevant to any element of the crime. Therefore, the question and answer should be excluded as irrelevant and outside the scope of direct examination.

20. **Objection #14**: On page 67 of the transcript of the deposition, Mr. Bagge asks a series of questions—all objected to—regarding Ms. Pol's knowledge of the accident. Namely, "the only way you know—have any knowledge of what happened is that somebody told you? Defense Counsel objected as "misstating the evidence." Ms. Pol testified that Mr. Erdmann was lying on the ground, with an injured left leg, damaged pants, the motorcycle was within a meter, that the motorcycle was damaged, that the damaged helmet was close by, and that Mr. Erdmann appeared in pain. Ms. Pol also testified that the motorcycle was not damaged earlier in the morning and that Mr. Erdmann did not have any injuries that morning. Ms. Pol testified to ample circumstantial evidence of what happened. These questions misstate the evidence (and along with the answers) should be excluded.

21. **Objection #15**: On page 68 of the transcript of the deposition, Mr. Bagge asks: "The question that I'm asking is, the cause of the accident, the only way you know the cause of the accident is because somebody told you?" Ms. Pol's answer was "yes." Defense Counsel again objected for misstating the evidence. For the reasons set forth in **Objection**

**#14**, Ms. Pol had already testified to circumstantial evidence of the cause of the accident. She did not have all of the facts because she was not there, but she did see the circumstantial evidence. The Government's question misstates the evidence. The question and answer should be excluded.

22. **Objection #16**: On page 75 of the transcript of the deposition, Mr. Bagge asks: "so it was very important that he was there that day." Ms. Pol said "yes." The prior question was "so was it important that he went to the Embassy that day." The follow up question has no relevance and is outside the scope of direct. The fact that he went to the Embassy on or about March 17, 2016 has no bearing on any of the elements of the offense. Moreover, whether his trip there was or was not important also has no bearing on any fact in issue. Finally, this question is outside the scope of direct. The question and answer should be excluded.

23. **Objection #17**: On pages 87 and 88 of the transcript of the deposition, Mr. Bagge asks: "you were not with him when Immigration officials or Department of State officials were questioning him?" Ms. Pol said: "I was not with him because I was not allowed to go with him." Mr. Bagge then asks "So you never heard Mr. Erdmann say that he wanted to renounce his U.S. citizenship?" Mr. Bagge then asks the same question approximately three more times. Defense Counsel objected on the basis of lack of foundation, irrelevant, outside the scope of direct, and unfair prejudice pursuant to Rule 403. For purposes of this objection, Mr. Erdmann would incorporate by reference Defendant's First Motion in Limine To Exclude At Trial Introduction Into Evidence Statements Mr. Erdmann Made to U.S. State Department and U.S. Department of Homeland Security Regarding the United States. First, Ms. Pol stated that she was not present for the conversation with the State

Department. Therefore, she had no personal knowledge of the conversation, and there was no foundation for the question pursuant to Fed. R. Evid. 602. Second, pursuant to Defendant's First Motion in Limine, the questions are both irrelevant and unfairly prejudicial and should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403. And finally, the questions were outside the scope of direct. Direct examination did not touch on any conversation at the Embassy. Mr. Bagge certainly can call Ms. Pol as his own witness and ask these questions. The questions and answers on pages 87 and 88 relating to the renouncing of citizenship should be excluded.

24. **<u>Objection #18</u>**: On page 89 of the transcript, Mr. Bagge asks: "Did you hear him say at the Embassy that the United States is garbage?" Mr. Bagge asks this question two more times. It is unclear if Ms. Pol ever answered. Defense Counsel objected for lack of foundation, irrelevance, unfairly prejudicial under Rule 403, and outside the scope of direct. For purposes of this objection, Mr. Erdmann would incorporate by reference Defendant's First Motion in Limine To Exclude At Trial Introduction Into Evidence Statements Mr. Erdmann Made to U.S. State Department and U.S. Department of Homeland Security Regarding the United States, and Defendant's Objection #17 above. Both Defendant's First Motion in Limine To Exclude At Trial Introduction Into Evidence Statements Mr. Erdmann Made to U.S. State Department and U.S. Department of Homeland Security Regarding the United States and Defendant's Objection #17 discuss why these questions and any answers should be excluded for lack of foundation, irrelevance, unfairly prejudicial under Rule 403, and outside the scope of direct.

25. **<u>Objection #19</u>**. On page 90 of the transcript, Mr. Bagge asks: "While he was at the Embassy, did you ever hear the interview by Immigration officials, early April, did you

ever hear him acknowledge that there was an arrest warrant for him in Oregon, and knew that if he returned to the state of Oregon he would be arrested." Ms. Pol answered: "He explain to me with some explanation about the things, but I don't understand clearly. I don't know about the law of America." Defense Counsel objected for lack of foundation, irrelevant, Rule 404(b), and outside the scope of direct examination. First, Ms. Pol had already testified that she was not at the meeting. Thus, she had no independent knowledge of what was said, and was not a competent witness pursuant to Fed. R. Evid. 602. As a result, there was no foundation for this question. Second, the question is irrelevant because it does not go to any of the elements of the offense. Third, Rule 404(b) precludes prior bad acts without proper notice. At the time of the question, there was no Rule 404(b) notice regarding an arrest warrant out of Oregon so this question was without proper notice. And finally this question is outside the scope of direct. Defense Counsel never asked anything about prior registration or failure. The question and answer should be excluded for lack of foundation, irrelevant, Rule 404(b), and outside the scope of direct examination. The whole series of questions that expand on this question on pages 90 and 91 should also be excluded as being fruits of this improper evidence and for the similar objections made.

26. **<u>Objection #20</u>**. On page 90-91 of the transcript, Mr. Bagge asks: "Did you hear him tell Immigration or Department of State officials during the interview that he had in early April of 2016 when you were with him that he left Oregon while he was on supervised release?" Ms. Pol's answer was: "I know some of what he told me, but I'm not sure." Defense Counsel objected on the basis of misstating the evidence, lack of foundation, irrelevant (401, and 402), Rule 404(b), and beyond the scope of direct examination. For purposes

of this objection, Mr. Erdmann incorporates by reference his objections from Defendant's Response to United States' First Motion in Limine.

a. First and foremost, Ms. Pol previously testified to Mr. Bagge on page 87 of the transcript that she was not in the meeting with Immigration or Department of State Officials. Therefore, when he keeps asking about what she heard during them meeting, Mr. Bagge is misstating the evidence and has no foundation since Ms. Pol was not present at the meeting. Not surprisingly, her response is confused in that she states "I know some of what he told me." There is no reference by her to the meeting because she wasn't in it. The question is improper based on the misstatement of the evidence and lack of foundation.

b. Second, for the reasons set forth in Defendant's Response to United States' First Motion in Limine, any reference to Mr. Erdmann being on probation and leaving Oregon is irrelevant. Mr. Erdmann's Oregon probation has no impact on the elements of the offense charged, and more importantly, his failure to update his registry in Oregon was not a Federal crime. *See Nichols v. United States*, 136 S.Ct. 1113, 1118-19 (2016). There is no relevance.

c. Third, at the time this question was asked, Defense Counsel had not received a Rule 404(b) notice. As a result, there was no notice that this question would be asked in violation of the rule. Furthermore, the question continues to have no relevance, and is unfairly prejudicial per *United States v. Allen*, 274 Fed. App. 811, 819 (2008). As discussed in Defendant's Response to United States' First Motion in Limine, the fact that it was the Government and Mr. Erdmann's plan that he return to the United States provides scant relevance for this evidence. The danger of unfair

prejudice of the jury hearing about something that is not even illegal under Federal law and occurred 5 or 6 years prior is great. As a result, the danger of unfair prejudice substantially outweighs any scant relevance.

    d. Finally, this area of cross examination was far afield from the direct examination. Mr. Bagge could obtain this testimony from his own witnesses or could call Ms. Pol as his own witness, preferably at trial. If this evidence is admissible, then he could ask about it during his direct. However, this question was well outside Defense Counsel's direct examination.

27. **<u>Objection #21</u>.** On page 104 of the transcript, Mr. Bagge asked "does he ever reimburse you for the calls?" Ms. Pol's answer was "no". Defense Counsel objected for irrelevant and outside the scope of direct. Who paid for the calls has no relevance on the elements at all. There is no legitimate argument for relevancy regarding the payment of phone bills. Moreover, Defense Counsel never asked about the phone habits of Mr. Erdmann and Ms. Pol on direct. This question is clearly outside the scope of direct. The question and answer should be excluded as irrelevant and outside the scope of direct examination.

28. **<u>Objection #22</u>.** On page 105 of the transcript, Mr. Bagge asked "so you never advised him to do that (register as a sex offender)? Defense Counsel objected for lack of foundation. Mr. Bagge said again "You never advised him to register as a sex offender when he go to Florida? Ms. Pol said I don't know the – these things." Prior to these questions, Ms. Pol had testified that she did not know that Mr. Erdmann had to register. As a result, she couldn't possibly advise Mr. Erdmann to register. Pursuant to Fed. R. Evid. 602, Ms. Pol cannot testify to things that she does not know about. As a result, Mr. Bagge's

follow up question lacked foundation.  The questions and answer should be excluded as lacking foundation.

**WHEREFORE**, Mr. Erdmann respectfully moves the Court to exclude the foregoing questions and answers for the reasons set forth in this Motion from the deposition and the transcript of the deposition, both to be offered into evidence by Mr. Erdmann.  Moreover, Mr. Erdmann respectfully moves that the topics relating to the questions be excluded at trial.

> Respectfully submitted,
> Donna L. Elm
> Federal Defender
>
> /s/ G. Ellis Summers, Jr.
> G. Ellis Summers, Jr.
> Florida Bar No.0815691
> Assistant Federal Defender
> 1514 Broadway, Suite 301
> Ft. Myers, Florida 33901
> Telephone: 239-334-0397
> Fax:  239-334-4109
> E-Mail: ellis_summers@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2017 the foregoing was electronically filed with the Clerk of Court and a copy will be sent electronically to
Michael Bagge-Hernandez, Assistant United States Attorney, 2110 First Street, Fort Myers, FL 33901.

> /s/ G. Ellis Summers, Jr.
> G. Ellis Summers, Jr.
> Assistant Federal Defender