UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.

CASE NO.
S2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN
a/k/a Eric Erdman

**UNITED STATES' RESPONSE TO DEFENDANT'S
FIRST MOTION IN LIMINE**

COMES NOW, the United States of America, by and through its undersigned Assistant United States Attorney, and in response in opposition to the Defendant's First Motion in Limine (Doc. 87) and states as follow:

### I. INTRODUCTION

On March 3, 2017, the Defendant filed his first motion *in limine* moving for the exclusion of certain statements made by the Defendant. Specifically, the Defendant moves for the exclusion of his statements that the "United States is garbage," and for the exclusion that he desires to renounce his United States citizenship. (Doc. 87). The Defendant made these statements on or about April 8, 2016, at the United States Embassy in Phnom Penh, Kingdom of Cambodia (Cambodia) during a meeting with agents from the Departments of State and Homeland Security. The main purpose of the meeting was to serve the Defendant with a letter that informed him that his passport had been

revoked by the State Department. The letter dated April 8, 2016, signed by State Department officials, as well as, signed by Defendant showing that he had received the letter states in part:

"The Department has been notified that you are the subject of a state or local warrant of arrest issued by the Circuit Court of the State of Oregon in Portland, Oregon, on December 13, 2010, Case number 090130068, charging you with the following felony offense: encouraging child sex abuse. Accordingly, application for a U.S. passport is denied and U.S. passport number xxxxx1711 is revoked. U.S. passport number xxxxx1711 is in the possession of the Department and will be destroyed. You are hereby requested to surrender any other U.S. passport that may be in your possession, to the bearer of this letter."

Since the Defendant's passport was revoked, his Cambodian visa, which expired on March 3, 2016, could not be renewed. Since the Defendant's visa was invalid, Cambodian General Department of Immigration (DGI) officials arrested the Defendant on April 21, 2016, for immigration violations. Under Cambodia law, in order for a United States citizen to obtain a visa, the applicant must have a valid passport with six (6) months of validity. The Defendant's passport was issued on June 13, 2006, and was set to expire on June 12, 2016.

The Defendant's has three arguments for the exclusion of these statement. The first argument is that these statements made prior to his requirement to register pursuant to *Nichols v. United States*, 136 S.Ct. 1113, 1118-19 (2016), the second argument is that these statements are not relevant,

and the third argument is that the statements' prejudicial effect outweighs their relevance. (Doc. 87).

## II. ARGUMENT

The Federal Rules of Evidence state as a threshold matter that all evidence that is relevant to the case is admissible, unless otherwise provided by law. Fed.R.Evid. 402. The Eleventh Circuit has held that "[e]vidence is relevant if it has any tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence, and relevant evidence is generally admissible." *United States v. Capers*, 708 F.3d 1286, 1308 (11th Cir.2013) (*citing* Fed.R.Evid. 401, 402). Evidence is intrinsic if it is "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir.1998). The Eleventh Circuit has also stated that

> [e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if [it is] linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

3

*Id.* (*quoting United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir.1985)).

Only extrinsic evidence is subject to the requirements of Fed.R.Evid. 404(b). *United States v. Schlei*, 122 F.3d 944, 990 (11th Cir.1997). "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir.2007) (quotation and alteration omitted). Such evidence "is not extrinsic under Rule 404(b), and thus falls outside the scope of the Rule." *Id.* (quotation omitted); *United States v. Richardson*, 764 F.2d 1514, 1521 (11th Cir.1985) ("[t]hese prior wrongs were not extrinsic to the charged crimes because the evidence concerning prior crimes was inextricably intertwined with the evidence of the charged crime").

Although relevant, evidence may be excluded if its probative value is **substantially** outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. (emphasis added) "'Rule 403 is an **extraordinary** remedy which the district

court should use sparingly' and '[t]he balance ... should be struck in favor of admissibility.'" *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir.2002)(emphasis added) (*quoting United States v. Elkins*, 885 F.2d 775, 784 (11th Cir.1989)).

The United States must prove beyond a reasonable doubt the Defendant is a sex offender who is required to register under the Sex Offender Registration and Notification Act (SORNA), that he traveled in interstate or foreign commerce, and that he knowingly fails to register or update a registration as required by SORNA. *See* 18 U.S.C. 2250; *See also Carr v. United States*, 560 U.S. 438, 445, 130 S. Ct. 2229, 2235, 176 L. Ed. 2d 1152 (2010). When a defendant pleads "not guilty," he places at issue the element of his knowing, which the government then has the burden of proving beyond a reasonable doubt. *United States v. Jernigan*, 341 F.3d 1273, 1281 n. 7 (11th Cir.2003).(Court determined that when a defendant pleads not guilty to being a felon in possession, the defendant places the issue of his knowing possession of a gun at issue)

      a. The Defendant's First and Second Arguments have no Merit

The Defendant's argument that these statements are not relevant because they were made prior to his requirement to register as a sex offender

pursuant to *Nichols v. United States*, 136 S.Ct. 1113, 1118-19 (2016) and the second argument is that these statements are not relevant because the statements are relevant to any elements of the offense is not consistent with Eleventh Circuit jurisprudence.

In *United States v. Stickel*, the court determined that that (1) testimony that a co-conspirator previously had been named as a source of supply was intrinsic evidence relating to the story of the investigation of a co-conspirator and was not unfairly prejudicial; and (2) extrinsic evidence of appellants' prior drug-related convictions were relevant to their intent, which was at issue in the case, and any prejudice was alleviated by a limiting instruction, the court concluded that that the district court did not abuse its discretion by admitting the evidence. *United States v. Stickel*, 176 F. App'x 47, 50 (11th Cir. 2006)

In *United States v. Ducuara De Saiz*, the Eleventh Circuit determined that the district court did not abuse its discretion in admitting the testimony of three unindicted co-conspirators concerning events that occurred before the start date of the indictment of November 2006 because it was both inextricably intertwined with events occurring during the charged period and necessary to complete the story of the crime. *United States v. Ducuara De Saiz*, 511 F. App'x 892, 895–96 (11th Cir. 2013). The court determined that the testimony at issue explained how the witnesses joined the conspiracy, how the defendants listed

in the indictment first interacted with the unindicted co-conspirators, and the conspiracy's structure and mechanics. *Id.* The court also determined that this testimony demonstrated the bases for the witnesses' knowledge of co-conspirators and the conspiracy's operations, which was critical to establishing their credibility and necessary to complete their stories. *Id. citing McLean*, 138 F.3d at 1404.

In *United States v. Jones*, the Eleventh Circuit determined that the district court did not abuse its discretion by admitting the evidence of prior uncharged offenses that the defendant transacted with his codefendants because the evidence was intrinsic to the charged offenses. *United States v. Jones*, 540 F. App'x 941, 943 (11th Cir. 2013). The court noted that the question of whether the defendant engaged in a drug transaction was the central issue of this case. *Id.* The court determined that the evidence was relevant because it made it more or less probable that the defendant committed the crimes by showing that he had a relationship with his suppliers and that there was a specific scheme set up for him to receive the marijuana. *Id.* Further, the court determined that the evidence arose out of the same series of criminal transactions as the charged offenses, and it was necessary to complete the narrative of the crimes. *Id.* The court noted that in particular, the evidence explained the "context, motive, and set-up" of the charged offense, and it

completed the narrative of the charged offense for the jury by providing a complete picture of what led to that ultimate offense. *Id. citing Edouard*, 485 F.3d at 1344.

The court also noted that the probative value of the evidence was not substantially outweighed by the danger of any unfair prejudice. *Id.* The court observed that the defendant pleaded not guilty to the charges, making intent a factual issue and rendering this evidence especially probative. *Id.* The court observed that the charged and uncharged offenses were similar in that they both concerned trafficking marijuana among the same three individuals, using the same methods, and occurring within weeks of each other. *Id. citing Edouard* at 1345.

The court determined in *Holt, Barbary, Lewis, and Barnes*, the witnesses' testimony concerning the 1995 drug dealings was necessary for the government to complete the story of the charged crimes, as it explained how witness came to know and participate in narcotics distribution with co-conspirators and why he helped them distribute drugs after his release from prison in 2000, which consisted a separate offense from the 1995 drug dealing. *United States v. Holt*, 777 F.3d 1234, 1262 (11th Cir.), *cert. denied sub nom. Barbary v. United States*, 135 S. Ct. 2905, 192 L. Ed. 2d 937 (2015), reh'g denied, 136 S. Ct. 23, 192 L. Ed. 2d 993 (2015), and *cert. denied sub nom. Lewis*

*v. United States*, 136 S. Ct. 193, 193 L. Ed. 2d 82 (2015), and *cert. denied sub nom. Barnes v. United States*, 136 S. Ct. 98, 193 L. Ed. 2d 82 (2015) The court reasoned that this type of properly admitted intrinsic evidence did not broaden the possible bases for a conviction, and thus, did not constructively amend the indictment. *Id. citing Lehder–Rivas*, 955 F.2d at 1519 n. 5. The court reasoned that because the evidence was properly admissible, its admission—and the government's reliance on it to support its case—did not cause a constructive amendment of the indictment, and there was no error, much less plain error. *Id.*

Finally, in *United States v. Garcia-Barzaga*, 361 F. App'x 109, 114–15 (11th Cir. 2010), the court noted that evidence of a defendant's previous drug smuggling activities was intrinsic to the charged crime where this evidence: (1) explained why another drug smuggler was willing to assist the defendant in the crime with little or no advance notice; and (2) rebutted the defendant's defense that he had merely accompanied another individual who was engaged in drug smuggling. *Id. citing United States v. Foster*, 889 F.2d 1049, 1052–53 (11th Cir.1989).

Just as in the cases listed *supra*, the evidence of the Defendant's desire to emigrate from the United States and calling the United States "garbage" completes the story as to why the Defendant does not want to register, and

comply with the laws of the United States, this is especially true since the United States must prove that the Defendant knowingly failed to register as a sex offener. Furthermore, it refutes and argument that the Defendant may have that the reason he did not register was because he was merely injured.

    b. The Court can minimize any prejudice by instructing the jury.

  The Defendant's third argument is a two-fold argument. First the Defendant claims that since he is want to renounce his citizenship, that information is prejudicial since that information "has the potential to greatly prejudice jurors who love the United States and cannot fathom that an American citizen would want to give up his citizenship. Since all of the jurors will be American citizens." (Doc. 87). The second prong of the Defendant's argument is this statement have prejudicial effect because "[a]ny patriotic American would be offended by hearing that their country is 'garbage.'" (Doc. 87). The Defendant further argues that "[m]ost Americans are patriotic." (Doc. 87). The Defendant continues his argument by stating that it is "[l]ikely a high percentage of the jury pool will be patriotic. Therefore, the prejudice of this evidence outweighs its relevance. (Doc. 87).

  One need not look any further than antiquity to understand that these arguments fall under the classical logical fallacies of *argumentum non sequitur*,

*argumentum ignoratio elenchi,* and *argumentum non distributio medii. See Organon-Analytica Priora, De Sophisticis Elenchis,* Aristole.

Defendant's first argument presupposed two unsupported facts, that an American could not fathom another American giving up their citizenship, and that a potential juror status as a United States citizen would cloud that juror's impartiality if they were to hear that evidence.

Though the United States does not keep a record as to how many U.S. citizens emigrate from the United States every year or have many U.S. citizens renounce their citizenship, nonetheless in 2006, the United Nations Secretariat, Department of Economic and Social Affairs Statistics Division[1] estimated from the U.S. census data and other foreign data, that more than 4 million U.S. citizens had emigrated the United States from 2000-2006. Plenty of U.S. citizens, including the Defendant, have left the United States and have taken residence abroad, thus, to suggest that evidence that the Defendant desired to do the same is absurd. Furthermore, the Defendant will have an opportunity to voir dire the jury and if a potential juror has strong feelings about someone renouncing their U.S. citizenship and leaving the United States, then the Defendant can move to have that juror stricken or conversely,

---

[1]https://unstats.un.org/unsd/demographic/meetings/egm/migrationegm06/DOC%2019%20ILO.pdf

the Court could minimize the possibility of prejudice by giving a limiting instruction to the jury before and after such evidence was admitted. *See United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir.1990) and *see Lehder-Rivas*, 955 F.2d at 1516.

The other part of the Defendant's argument also assumes unsupported facts. The Defendant makes the unsupported assumption that any patriotic American would be offended by hearing that their country is "garbage," "most Americans are patriotic," and that the jury pool will be filed with mostly patriotic Americans. Again, the Defendant offers no indicia of evidence from where these conclusion spring forth but as stated *infra*, the Defendant is free to *voir dire* potential jurors or conversely, the Court could minimize the possibility of prejudice by giving a limiting instruction to the jury before and after such evidence was admitted. *See United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir.1990) and *see Lehder-Rivas*, 955 F.2d at 1516.

### III.     CONCLUSION

The Court should deny the Defendant's First Motion in Limine and allow evidence of the Defendant's statements pursuant to Fed. R. Evid 401, 402, 403.

WHEREFORE, based on the foregoing reasons, the United States requests that the Court deny the Defendant's First Motion in Limine.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: *s/ Michael C. Baggé-Hernández*
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney
Florida Bar No. 0051923
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Phone: (239) 461-2200
Fax: (239) 461-2219
Email: michael.c.bagge@usdoj.gov

U.S. v. ERIC DAVID ERDMAN　　　　Case No. 2:16-cr-62-FtM-99MRM

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

G. Ellis Summers
ellis_summers@fd.org


　　　　　　　　　　　　　　　　*s/ Michael C. Baggé-Hernández*
　　　　　　　　　　　　　　　　MICHAEL C. BAGGÉ-HERNÁNDEZ
　　　　　　　　　　　　　　　　Assistant United States Attorney