UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

    v.                                             CASE NO. 2:16-cr-62-FtM-99MRM

ERIC DAVID ERDMANN

## UNITED STATES' PRESENTATION OF ADDITIONAL CASE LAW

**COMES NOW** the United States of America, by and through the undersigned Assistant United States Attorney for the Middle District of Florida, and hereby presents additional jurisprudence as to the issue of unavailability of the Defendant's partner to testify at trial pursuant to Fed. R. Evid. 804.

### I. Factual Background

On March 15, 2017, a final pretrial conference was held prior to trial. (Doc. 115). At the pretrial conference, the Court heard argument as to whether the deposition (*See* Doc. 40) that the Defendant seeks to admit at trial should be admitted. (Doc. 115). The Defendant argued that the witness, the Defendant's partner- a Cambodian national, was unavailable for the March 21, 2017, trial start date because she had been denied a visa to enter the United States during the summer of 2016. (Doc. 115). The United States argued that the Defendant had done nothing to bring the witness to the United States

subsequent to July 2016, and since the Defendant had done nothing to bring the witness to the United States since July 2016, therefore the witness could not be considered unavailable for Fed. R. Evid 804 purposes. (Doc. 115). At the conclusion of the parties' arguments, the Court allowed the parties to submit additional jurisprudence as to the issue of a witness's unavailability pursuant to Fed. R. Evid. 804.

## II. Discussion

Fed. R. Crim. P. 15(f) states that "an order authorizing a deposition to be taken under this rule does not determine admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." Thus, even though the party moving for a deposition pursuant to Fed. R. Crim. P. 15 need not "assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition . . . . a more concrete showing of unavailability, of course, may be required at the time of trial before a deposition will be admitted in evidence." *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). Turning to the rules of evidence, Fed. R. Evid. 804(b)(1) excludes former testimony, including depositions, unless the declarant is unavailable as a witness. Given the Defendant's representation that his partner is willing to testify if appropriate arrangements were made, the government submits that his partner is not genuinely

2

unavailable to testify at trial as required by 804(b)(1).

"Unavailability is defined by reference to Federal Rule of Evidence 804(a), which provides, in relevant part, that a witness is unavailable if he or she is 'absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance ... by process or other reasonable means.'" *United States v. Straker*, 567 F.Supp.2d 174, 180 (D.D.C.2008) (*quoting United States v. Aguilar–Tamayo*, 300 F.3d 562, 565 (5th Cir.2002)). "In seeking to introduce deposition testimony, the proponent of the testimony bears the burden of demonstrating that the declarant is unavailable." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1510-11 (10th Cir. 1991) (*citing United States v. Eufracio-Torres*, 890 F.2d 266, 269 (10th Cir. 1989). *United States v. Amaya*, 533 F.2d 188 (5th Cir.1976), *cert. denied*, 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977),4 *United States v. Fernandez-Roque*, 703 F.2d 808 (5th Cir.1983); *United States v. Pelton*, 578 F.2d 701 (8th Cir.1978), *cert. denied*, 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978).

The defendant has made no such showing. The Defendant's partner does not meet any of the criteria for being unavailable outlined in Fed. R. Evid. 804(a). Specifically, the statements of the Defendant's partner during her deposition demonstrates that she does not refuse to testify, and thus she does not fall under 804(a)(2). Further, the Defendant has failed to demonstrate that

he made an effort to procure the attendance of Defendant's partner at trial through "reasonable means." Fed. R. Evid. 804(a)(5).

First, residence outside of the United States alone is insufficient to make a witness unavailable for the purposes of Fed. R. Evid. 804. *United States v. Isaza-Zapata*, 101 F.3d 1393 (2d Cir. 1996); *United States v. Ismaili*, 828 F.2d 153, 160 (3d Cir. 1987); *United States v. Johnpoll*, 739 F.2d 702 (2d Cir. 1984); *United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980). A witness such as the Defendant's partner living in a foreign country is considered unavailable when she is "beyond the subpoena powers of the United States <u>and</u> has declared [her] unwillingness to testify at trial." *United States v. Ramos*, 45 F. 3d 1519, 1523 (11th Cir. 1995)(emphasis added). But, that is not the case here. To the contrary, The Defendant's partner stated during her deposition that not only is she willing to testify at trial, but also wants to immigrate to the United States.

Further, the requirement that the proponent make reasonable efforts to procure a witness's live testimony at trial often includes offering to pay reasonable expenses. *United States v. Ismaili*, 828 F.2d 153, 160 (3d Cir.1987); *United States v. Warren*, 713 F. Supp. 2d 1, 4 (D.D.C. 2010). Cases in which a deposition is admissible because the witness has been found to be unavailable usually involve either a witness who cannot be reached or remains unwilling

to travel to the United States to testify despite being offered compensation. *See, e.g., United States v. Jefferson*, 594 F. Supp. 2d 645 (E.D.Va. 2009); *United State v. Huang*, 827 F.Supp. 945 (S.D.N.Y. 1993); *United States v. Gifford*, 684 F.Supp.125 (E.D.Pa. 1988) *aff'd sub. nom. United States v. Kelly*, 892 F.2d 255 (3d Cir. 1989). Here, there is no indication that the Defendant has made such "reasonable efforts" to procure the live testimony of Defendant's partner at trial. Fed. R. Evid. 804. The Defendant has not demonstrated that, since the time of the deposition, he has offered to pay the travel costs, arrange to procure a visa for the Defendant's partner to come to the United States and testify, or do anything. Further, the Defendant has not demonstrated that the Defendant's partner refuses to travel to the United States to testify despite such offers. The Defendant cannot show that he has made any effort to procure the attendance of the Defendant's partner since July 2016, which is approximately eight (8) months prior to trial.

**WHEREFORE**, the United States hereby submits its additional jurisprudence additional jurisprudence as to the issue of unavailability of the Defendant's partner to testify at trial pursuant to Fed. R. Evid. 804.

Respectfully submitted,
W. STEPHEN MULDROW
Acting United States Attorney

By: <u>*s/ Michael C. Baggé-Hernández*</u>
MICHAEL C. BAGGÉ-HERNÁNDEZ
Assistant United States Attorney
FL Bar No. 0051923
2110 First Street, Suite 3-137
Fort Myers, Florida 33901
Telephone: (239) 461-2200
Facsimile: (239) 461-2219
Email: michael.c.bagge@usdoj.gov

U.S. v. ERIC DAVID ERDMAN	Case No. 2:16-cr-62-FtM-99MRM

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>G. Ellis Summers
>ellis_summers@fd.org

>By: */s/ Michael C. Baggé-Hernández*
>MICHAEL C. BAGGÉ-HERNÁNDEZ
>Assistant United States Attorney
>Florida Bar No. 0051923
>2110 First Street, Suite 3-137
>Ft. Myers, Florida 33901
>Telephone: (239) 461-2200
>Facsimile: (239) 461-2219
>E-mail: michael.c.bagge@usdoj.gov