UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.  CASE NO: 2:16-cr-62-FtM-38MRM

ERIC DAVID ERDMANN

## ORDER

This matter comes before the Court upon review of the parties' motions in limine (Docs. 73, 87, 90, 91, 92, 93, 100, 101). The Court held final pretrial conferences on March 15, 2017 and March 16, 2017 regarding the issues raised in the motions. The Court rules on the motions in limine as follows:

A. The Government's First Motion in Limine

In its First Motion in Limine (Doc. 73), the Government moved to admit (1) the Defendant Eric David Erdmann's prior conviction in the Multnomah Circuit Court, Multnomah County, Oregon, case number 09-01-30048, DA 2153456-1, for five Counts of violation of Oregon Statute 163.686; (2) evidence associated with that conviction wherein Erdmann acknowledged his sex offender registration requirements; (3) Erdmann's prior sex offender registration and evidence pertaining to the prior registration failures, advisements, and his registration success; (4) evidence of Erdmann's previous 128-day jail sentence in Oregon; (5) evidence of Erdmann's sentence to three years of probation with conditions and violations of those conditions, including the prohibition against contact with children, the prohibition on frequenting places such as schools, the limitations on the use of digital devices, as well as Erdmann's flight from Oregon to

Cambodia without updating his sex offender registration; and (6) Erdmann's unmonitored possession of digital devices in Cambodia and in Florida.

For the reasons stated herein, as well as those on the record:

- The Court denied as moot the Government's request to introduce specific evidence of Erdmann's prior conviction because the parties stipulated to Erdmann's status as a sex offender.

- The Court granted the Government's request to introduce evidence regarding Erdmann's failure to contest his obligation to register as a sex offender, as well as his prior registration successes and failures.

- The Court denied the Government's request to introduce evidence of Erdmann's previous 128-day prison sentence in Oregon.

- The Court denied as moot the Government's request to introduce evidence regarding Erdmann's prohibition against interacting with children, or relating to his unfettered internet access in Cambodia, because the Government withdrew the request.

- The Court granted in part the Government's request to introduce 404(b) evidence of an existing warrant for Erdmann's arrest, but limited the introduction of same to use as rebuttal evidence.

B.  The Government's Second Motion in Limine

The Government's Second Motion in Limine (Doc. 90), sought to exclude any evidence of Erdmann's injuries in Cambodia. For the reasons established on the record, the Court granted the Government's Motion in part, excluding Defense exhibits A-2, B-2, D-1, D-3, D-4, E-1, E-2, F, and G, and denied the Government's Motion in part, allowing the admission of Defense Exhibits A-1, B-1, B-3, B-5, B-6, C, D-2, I, J-1, and K.

C. The Government's Third Motion in Limine

The Government's Third Motion in Limine (Doc. 91), sought to exclude any evidence of Erdmann's post-indictment sex offender registration. For the reasons established on the record, the Court denied the Government's Motion.

D. The Government's Fourth Motion in Limine

The Government's Fourth Motion in Limine (Doc. 92), moved the Court to find that interview summaries prepared by federal law enforcement agents are not statements of the person interviewed under the Jencks Act, and to preclude Erdmann from introducing the contents of any summaries to impeach witnesses during cross examination, publishing the contents of those summaries to the jury, or suggesting to the jury that they were statements of the witnesses who did not write or adopt them.  For the reasons stated on the record, the Court denied the Motion as moot.

E. The Government's Fifth Motion in Limine

In its Fifth Motion in Limine (Doc. 93), the Government sought to prevent Erdmann from mentioning the contents of any pretrial rulings or motions filed by either party, arguing or appealing to the jury for mercy, discussing the potential punishment for the crime with which he was charged, to exclude all evidence of Erdmann's lawfulness or non-corrupt conduct, to prevent Erdmann from seeking jury nullification, and to preclude evidence and argument regarding Erdmann's family needs.  For the reasons established on the record, the Court denied the Government's Motion.

F. Erdmann's First Motion in Limine

Erdmann's First Motion in Limine (Doc. 87), requested that the Court find inadmissible all statements that he allegedly made to the Department of Homeland Security about the United States of America. At hearing, the Government indicated that it would not make any mention of Erdmann's comments. As a result, and for other reasons established on the record, the Court denied Erdmann's Motion as moot.

G. Erdmann's Second Motion in Limine

Erdmann's Second Motion in Limine (Doc. 100), requested that the Court exclude a number of colloquies from the deposition of Aun Pol. In specific:

- The Court denied Objection #1 in Erdmann's Second Motion in Limine to the extent it requested the Court exclude Pol's statement on page 49 of her deposition transcript regarding her knowledge that Erdmann was subject to a probation agreement in the United States.

- The Court granted Objection #2 in Erdmann's Second Motion in Limine to the extent it asked the Court to exclude Pol's statement on page 49 of her deposition transcript that she was unaware of his duty to register as a sex offender.

- The Court granted Objection #3 in Erdmann's Second Motion in Limine to the extent it asked to exclude Pol's statement on page 51 of her deposition transcript that she originally invited Erdmann to stay with her in Cambodia for only six months.

- The Court denied as moot Objections #4, #5, #6, and #7 in Erdmann's Second Motion in Limine regarding questions on page 57, 58, 59, 60 and 63 of Pol's deposition transcript about Erdmann's employment at a school in Cambodia

because the Government stipulated that it did not intend to introduce any such questions.

- The Court granted Objection #8 in Erdmann's Second Motion in Limine to the extent it asked to exclude part of a statement made by the Government on page 64 of the Pol deposition transcript, which the Government concurrently requested to be stricken.

- The Court denied as moot Objection #9 in Erdmann's Second Motion in Limine regarding questions on page 64 of Pol's deposition transcript about Erdmann's employment at a school in Cambodia because the Government stipulated that it did not intend to introduce any such questions.

- The Court denied as moot Objection #10 in Erdmann's Second Motion in Limine regarding questions on page 64 of Pol's deposition transcript about Erdmann's employment at a school in Cambodia because the Government stipulated that it did not intend to introduce any such questions.

- The Court denied as moot Objection #11 in Erdmann's Second Motion in Limine regarding questions on page 64 of Pol's deposition transcript about the presence of a computer at Pol's home in Cambodia because the Government stipulated that it did not intend to introduce any such questions.

- The Court denied as moot Objection #12 in Erdmann's Second Motion in Limine regarding questions on page 65 of Pol's deposition transcript about the presence of a computer at Pol's home in Cambodia because the Government stipulated that it did not intend to introduce any such questions.

- The Court denied as moot Objection #13 in Erdmann's Second Motion in Limine regarding questions on page 65 of Pol's deposition transcript about Erdmann's email address because the Government stipulated that it did not intend to introduce any such questions.

- The Court granted Objection #14 in Erdmann's Second Motion in Limine, and for the reasons established on the record struck lines six through 19 on page 67.

- The Court granted Objection #15 in Erdmann's Second Motion in Limine, and for the reasons established on the record struck lines one through six on page 68.

- The Court denied Objection #16 in Erdmann's Second Motion in Limine for the reasons established on the record.

- The Court denied as moot Objection #17 in Erdmann's Second Motion in Limine regarding questions on pages 87 and 88 of Pol's deposition transcript concerning comments allegedly made by Erdmann regarding his United States citizenship.

- The Court granted Objection #18 in Erdmann's Second Motion in Limine, and for the reasons established on the record struck lines one through 25 on page 89 of the Pol deposition transcript, as well as one through two on page 90.

- The Court granted Objection #19 in Erdmann's Second Motion in Limine, and for the reasons established on the record struck lines three through 25 on page 91 of the Pol deposition transcript.

- The Court denied as moot Objection #20 in Erdmann's Second Motion in Limine for the reasons on the record.

- The Court granted Objection #21 in Erdmann's Second Motion in Limine, and for the reasons established on the record, struck lines 16 through 19 on page 104 of Pol's deposition transcript.

- The Court granted Objection #22 in Erdmann's Second Motion in Limine, and for the reasons established on the record, struck lines eight through 17 on page 105 of Pol's deposition transcript.

H.  Erdmann's Third Motion in Limine

Erdmann's Third Motion in Limine (Doc. 101) sought to exclude the introduction of evidence that the Lee County Sheriff's Office had a home registration program.  For the reasons established on the record, the Court granted the Motion in part and denied it in part. The Government was allowed to introduce evidence of the home registration program as rebuttal evidence only.

Accordingly, it is now

**ORDERED:**

1. The Government's First Motion in Limine (Doc. 73), is **GRANTED** in part and **DENIED** in part.

2. The Government's Second Motion in Limine (Doc. 90), is **GRANTED** in part and **DENIED** in part.

3. The Government's Third Motion in Limine (Doc. 91), is **DENIED**.

4. The Government's Fourth Motion in Limine (Doc. 92), is **DENIED** as moot.

5. The Government's Fifth Motion in Limine (Doc. 93), is **DENIED**.

6. Erdmann's First Motion in Limine (Doc. 87), is **DENIED** as moot.

7. Erdmann's Second Motion in Limine (Doc. 100), is **GRANTED** in part and **DENIED** in part.

8. Erdmann's Third Motion in Limine (Doc. 101), is **GRANTED** in part and **DENIED** in part.

**DONE AND ORDERED** at Fort Myers, Florida, this 6th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

8